ULLMAN (UNITED STATES v.). See Case No. 16,593.

---

# Case No. 14,326.

## The ULPIANO.

[1 Mason, 91.] [1]

Circuit Court, D. Massachusetts. May Term. 1816.

### PRIZE—DAMAGES FOR GOODS TAKEN.

Damages decreed for the amount of goods taken out of a prize captured after the treaty of

---

[1] [Reported by William P. Mason, Esq.]

peace of 1815. Costs, when allowed in prize causes.

[Cited in Elliott v. The Leah H. Miller, Case No. 4,393a.]

[Appeal from the district court of the United States for the district of Massachusetts.]

The Ulpiano [John White, master] was captured by the private armed ship Blakeley, Williams commander, after the time had expired, within which captures could lawfully be made by the treaty of peace between Great Britain and the United States. The vessel and cargo had been restored by a decree of the district court, and the sole remaining question was as to the damages to be allowed for sundry articles of merchandise, and ship stores, and furniture, alleged to have been taken from the Ulpiano, at the time of the capture by the captors. A decree was rendered by the district court for $625 damages, and costs of suit; from which decree, the captors appealed to the circuit court.

Mr. Welsh, for captors.
Mr. Hall, for claimant.

STORY, Circuit Justice. The evidence in this case is extremely contradictory, both as to the value and as to the quantity of the goods taken from the Ulpiano. There is a disposition manifested, on the part of the claimant, to inflame the amount in both respects. And this exaggeration unavoidably lessens the confidence, which the court would otherwise incline to place in the statements of the master of the prize. There is no pretence, that the captors have acted unreasonably, or with ill faith; and it is very properly conceded, that the claimant is entitled to nothing more than a just compensation for the loss of the goods, which have been consumed or destroyed by the captors. This compensation, it is the duty, as well as the inclination of the court to allow to the utmost extent of loss, which the evidence will reasonably warrant. But it is a material consideration, that in this inquiry the onus probandi rests on the claimant; and, if the evidence on his part be lax, infirm, and unsatisfactory, he cannot complain, that the court arrives at its conclusion by the application of this general principle, rather than embarrasses itself with doubts and conjectures. I am not satisfied, that the claim for fifty fathoms of rope, and sixty fathoms of cable, is sustained by the evidence; and the quantity of wine and brandy and the number of hides and poultry admitted in the evidence of the captors to have been taken from the prize, seem to me to approach much nearer to the truth, than in the inflamed accounts of the claimant. As to the residue of the items, it cannot be necessary to examine them in detail; and, making the most liberal allowance in relation to them, after the deductions from the claim already specified, the sum of four hundred dollars will be a full compensation for the loss, as it stands in proof before the court; and to that extent, I shall pronounce a decree

in favor of the claimant. As to costs, the allowance or denial of them rests in the discretion of the court; but I do not think, that there is any solid reason, why they should be denied in this case. The capture, though made in good faith, must in point of law be deemed a tortious act; and as the party had a just claim for restoration of the goods, or their value, which has never been admitted by the captors, nor compensation tendered therefor, he is entitled, by the general practice of the court, to such costs as have necessarily arisen in the prosecution of his claim; and he has not been guilty of such misconduct, as amounts to a forfeiture of such costs. Costs must, therefore, be decreed.